**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4592-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JONATHAN C. FUSCIARDI,

    Defendant-Appellant.

_____

          Submitted April 12, 2018 – Decided July 6, 2018

          Before Judges Simonelli and Gooden Brown.

          On appeal from Superior Court of New Jersey,
          Law Division, Warren County, Indictment No.
          08-10-0417.

          Joseph E. Krakora, Public Defender, attorney
          for appellant (Jay L. Wilensky, Assistant
          Deputy Public Defender, of counsel and on the
          brief).

          Gurbir S. Grewal, Attorney General, attorney
          for respondent (Jenny M. Hsu, Deputy Attorney
          General, of counsel and on the brief).

PER CURIAM

    Defendant Jonathan C. Fusciardi appeals from his sentence for

a violation of probation (VOP) and from the June 24, 2016 Law

Division order, which denied his motion for reconsideration. On appeal, defendant raises the following contentions:

POINT I

THE PRISON SENTENCE FOR VIOLATION OF PROBATION IS INVALID BECAUSE IT WAS IMPOSED AFTER THE EXPIRATION OF THE FIVE-YEAR PERIOD THAT IS THE MAXIMUM ALLOWABLE PROBATIONARY TERM.

A.   The Sentencing Court's Opinion.

B.   Multiple Probationary Sentences Aggregating More Than Five Years Are Illegal.

C.   The Illegality of the Sentence Is Not Cured By Statutory Tolling.

We reject these contentions and affirm.

On October 21, 2008, defendant was charged in an accusation with third-degree theft by deception (the underlying offense), and admitted into the Hunterdon County pre-trial intervention (PTI) program. On February 17, 2009, defendant was terminated from PTI due to non-compliance. On April 21, 2009, he pled guilty to the underlying offense.

On July 24, 2009, the court sentenced defendant to a two-year non-custodial probationary term. The court ordered defendant to comply with the standard conditions of probation, pay restitution, and perform 100 hours of community service, among other conditions. The court also imposed the appropriate assessments, penalties, and fees.

On August 4, 2010, defendant pled guilty to his first VOP. On October 22, 2010, the court adjourned sentencing until December 17, 2010, to allow defendant an opportunity to improve his cooperation and compliance with probation. However, three days later, on October 25, 2010, he violated probation by testing positive for opiates. He also failed to report to probation on two occasions, satisfy his financial obligations, and complete community service. On December 17, 2010, the court extended defendant's probationary sentence for one year, until July 24, 2012, conditioned on serving 180 days in the county jail.

As of January 24, 2012, defendant still had not completed community service or satisfied his financial obligations, and he failed to report to probation several times. On January 24, 2012, defendant pled guilty to his second VOP. He admitted he had a drug addiction and asked to remain in the drug treatment program he was then attending. He acknowledged the court would re-sentence him for this VOP and he faced a maximum sentence of five-years that the court could have imposed on the underlying offense. He also acknowledged that if he violated probation over the next five years, he faced a maximum five-year term of imprisonment.

On January 24, 2012, the court terminated defendant's probationary sentence, imposed a five-year Drug Court probationary sentence pursuant to N.J.S.A. 2C:35-14(a), and required him to

comply with the conditions of probation and Drug Court. Five months later, on June 27, 2012, defendant was administratively discharged from Drug Court for failure to comply with treatment, among other violations.

On July 17, 2012, defendant pled guilty to his third VOP. On August 21, 2012, the court continued his Drug Court probation and ordered him to comply with Drug Court rules and regulations, successfully complete a long-term in-patient program, and comply with all aftercare recommendations, among other conditions.

On May 20, 2013, the court issued a warrant for defendant's arrest due to his failure to comply with Drug Court. He was arrested on September 13, 2013. On July 24, 2014, his Drug Court probation was transferred from Hunterdon County to Warren County. On December 30, 2015, the court issued a warrant for his arrest due to his non-compliance with Drug Court, fugitive status and failure to submit to drug testing and report to probation.

On March 31, 2016, defendant pled guilty to his fourth VOP. On April 28, 2016, the court revoked his Drug Court probation as unimproved, imposed a three-year term of imprisonment, and awarded him 344 days of jail credit.[1]

---

[1] The court noted that defendant would be eligible for parole in less than nine months. The records of the New Jersey Department of Corrections indicate defendant was released on parole on August

Defendant filed a motion for reconsideration. He argued, as he does on appeal, that under N.J.S.A. 2C:45-2(a), the court could only impose a maximum five-year probationary term on the underlying offense from the date of the original sentence on July 24, 2009. He posited that the three-year sentence imposed on April 28, 2016 was illegal because it was imposed after the expiration of the five-year maximum probationary term he could have received at his original sentencing. He concluded the court could only have sentenced him on April 28, 2016 to either time served and termination of probation as unimproved, or 364 days in the county jail and termination of probation as unimproved.

In denying the motion, the court determined that N.J.S.A. 2C:45-2(a) applied to defendant's first VOP and authorized the extension of his probation for an additional period not to exceed the five year maximum. The court then determined that N.J.S.A. 2C:45-3(a)(4) applied to defendant's second VOP and authorized the revocation of his probation, and N.J.S.A. 2C:45-3(b) authorized the imposition of any sentence that might have been imposed originally for the offense for which defendant was convicted, including incarceration. The court found that in accordance with N.J.S.A. 2C:45-3(a) and (b), defendant's original probation was

25, 2016, violated parole, was returned to prison on March 17, 2017, and was released on September 20, 2017.

terminated and he was re-sentenced on January 24, 2012 to a new five-year Drug Court probationary term, which did not expire until after April 28, 2016. The court also found defendant's Drug Court probation was revoked and he was re-sentenced to a three-year term of imprisonment, which was the minimum sentence allowed for the underlying offense. The court noted:

> Defendant was given <u>four</u> chances to correct his behavior: he was first admitted into the PTI program; second, he was terminated from PTI and given regular probation; third, an extension of regular probation, and finally, Drug Court probation. Furthermore, he has had at least <u>five (5) sanctions</u> while on Drug Court probation. His inability to comply with the requirements of probation, Drug Court or otherwise, reflect directly on the nature of the person and his character, and the court is now required to re-sentence him without regard to the original sentence which placed him on probation, which can be up to the maximum penalty under the statute.

The court found that aggravating factors three and nine[2] preponderated over the absent mitigating factors, and the presumption of non-incarceration for defendant's third-degree offense was overcome as he "demonstrated, time and time again, that he is likely to reoffend (by victimizing others and their

---

[2]  N.J.S.A. 2C:44-1(a)(3), "[t]he risk that the defendant will commit another offense;" N.J.S.A. 2C:44-1(a)(9),"[t]he need for deterring the defendant and others from violating the law[.]"

property), and that his antisocial behavior is incapable of being amenable to probationary supervision." This appeal followed.

We review a judge's sentencing decision under an abuse of discretion standard. State v. Fuentes, 217 N.J. 57, 70 (2014). As directed by the Court, we must determine whether:

> (1) the sentencing guidelines were violated; (2) the aggravating and mitigating factors found by the sentencing court were not based upon competent and credible evidence in the record; or (3) "the application of the guidelines to the facts of [the] case makes the sentence clearly unreasonable so as to shock the judicial conscience."
>
> [Ibid. (alteration in original) (quoting State v. Roth, 95 N.J. 334, 364-65 (1984)).]

We discern no abuse of discretion here.

N.J.S.A. 2C:45-1 authorizes the court to sentence a defendant to a probationary term and impose conditions and requirements of probation. In imposing a probationary term, the court shall fix the period of probation "not to exceed the maximum term which could have been imposed or more than [five] years whichever is lesser. The period of probation shall be fixed by the court at not less than [one] year nor more than [five] years." N.J.S.A. 2C:45-2(a).

During the probationary period, the court may "modify the requirements of probation imposed on the defendant; or . . . add further requirements authorized by [N.J.S.A.] 2C:45-1." N.J.S.A.

2C:45-2(b). The court "may" also extend probation for an additional period not exceeding that authorized in N.J.S.A. 2C:45-2(a) if the defendant fails "to fulfill conditions imposed pursuant to . . . [N.J.S.A. 2C:45-1(b)(11)]."[3] N.J.S.A. 2C:45-2(c)(1). The court "shall" extend probation for an additional period not exceeding that authorized in N.J.S.A. 2C:45-2(a) if the defendant fails "to fulfill the conditions imposed pursuant to [N.J.S.A. 2C:45-1(c)]."[4] N.J.S.A. 2C:45-2(c)(2).

At any time before the defendant is discharged from probation or the probationary period is terminated, the court can revoke probation "if satisfied that the defendant has inexcusably failed to comply with a substantial requirement imposed as a condition of the order," and "sentence or resentence the defendant, as provided in this section." N.J.S.A. 2C:45-3(a)(4). Upon revocation, N.J.S.A. 2C:45-3(b) authorizes the court to "impose on the defendant any sentence that might have been imposed originally for the offense of which he was convicted." For a crime of the third degree, such as the underlying offense, the court could impose a term of between three and five years. See N.J.S.A. 2C:43-6(a)(3).

---

[3] N.J.S.A. 2C:45-1(b)(11) requires the payment of a fine.

[4] N.J.S.A. 2C:45-1(c) requires the payment of assessments and restitution.

Here, on July 24, 2009, the court imposed a two-year probationary sentence. Defendant committed multiple VOPs thereafter and never satisfied the conditions of probation. He violated probation prior to the termination of the original probationary period by testing positive for opiates and failing to satisfy his financial obligations, among other violations. For this VOP, N.J.S.A. 2C:45-2(b) and (c)(2) authorized the court to extend his probationary sentence, which the court properly did for one year.

Defendant violated probation prior to the termination of the extended probationary period by failing to satisfy his financial obligations and comply with other conditions of probation. At his VOP hearing, he admitted he was drug addicted and asked to remain in drug treatment. For this second VOP, N.J.S.A. 2C:45-3(a)(4) authorized the court to terminate defendant's probation, and N.J.S.A. 2C:45-3(b) authorized the court to impose a five-year Drug Court probationary sentence, which is required by N.J.S.A. 2C:35-14(a):

> whenever a drug or alcohol dependent person who is subject to sentencing under this section is convicted of . . . an offense, other than one described in [N.J.S.A. 2C:35-14(b)], the court, upon notice to the prosecutor, may, on motion of the person, or on the court's own motion, place the person on special probation, which shall be for a term of five years[.]

[(Emphasis added).]

Defendant was not convicted of a crime listed in N.J.S.A. 2C:35-14(b).[5] Accordingly, the five-year Drug Court probationary sentence was proper, as it "might have been imposed originally for the offense for which [defendant] was convicted." N.J.S.A. 2C:45-3(b).

Defendant twice violated Drug Court probation for failure to comply with treatment and non-compliance with Drug Court, among other violations. For these VOPs, N.J.S.A. 2C:45-3(a)(4)

_____

[5] N.J.S.A. 2C:35-14(b) provides as follows:

> A person shall not be eligible for special probation pursuant to this section if the person is convicted of or adjudicated delinquent for:
>
> (1) a crime of the first degree;
>
> (2) a crime of the first or second degree enumerated in [N.J.S.A. 2C:43-7.2(d)], other than a crime of the second degree involving [N.J.S.A.] 2C:15-1 (robbery) or [N.J.S.A.] 2C:18-2 (burglary);
>
> (3) a crime, other than that defined in [N.J.S.A.] 2C:35-7, for which a mandatory minimum period of incarceration is prescribed under chapter 35 of this Title or any other law; or
>
> (4) an offense that involved the distribution or the conspiracy or attempt to distribute a controlled dangerous substance or controlled substance analog to a juvenile near or on school property

10

authorized the court to revoke defendant's Drug Court probation, and N.J.S.A. 2C:45-3(b) authorized the court to impose a three-year term of imprisonment on the underlying offense. See N.J.S.A. 2C:43-6(a).

We conclude that all of the probationary and prison sentences imposed in this case for defendant's VOPs were legal sentences. We have considered defendant's arguments to the contrary in light of the record and applicable legal principles and conclude they are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2). Having reached this conclusion, we need not address defendant's tolling argument.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION